UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


VIRGINIA SAUNDERS

      Plaintiff,

v.                                                                    Case No.  6:11-cv-1117 -ORL-TBS

DAYTONA BEACH KENNEL CLUB, INC.,
A Florida Corporation

      Defendant.
_____/

<u>ORDER</u>

    Pending before the Court is the parties' Joint Motion for Approval of Settlement

Agreement and Release Agreements, and For Dismissal with Prejudice (Doc. 36), filed

July 11, 2012.  The parties have filed a notice of consent to the exercise of jurisdiction

by the Magistrate Judge (Doc. 38), and the District Judge has referred the case to the

undersigned (Doc. 16) to resolve whether the parties' settlement is a "fair and

reasonable resolution of a bonafide dispute" of the Plaintiffs' Fair Labor Standards Act

(FLSA), 29 U.S.C. § 201 et. seq. claim.  <u>Lynn's Food Stores, Inc. v. United States Dept.</u>

<u>of Labor</u>, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  The Court has read the Joint Motion

and attached agreement and cannot approve the settlement and dismiss the case.  This

Order outlines the Court's concerns and provides the parties an opportunity to revise

their papers.

    In <u>Lynn's Food</u>, the Eleventh Circuit explained that claims for compensation

under the FLSA may be settled in one of two ways.  First, an employee may settle and

waive claims under the FLSA if the payment of unpaid wages by the employer to the

employee is supervised by the Secretary of Labor.  Id. at 1353.  Second, parties may settle and compromise claims under the FLSA if the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  Id.  This action represents the latter circumstance.

Before approving an FLSA settlement, the Court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Id. at 1354-55.  If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation."  Id.

The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).  With these decisions in mind, the Court has the following concerns about the parties' settlement:

1.  The parties have not made a "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims."  Dees, 706 F. Supp. 2d at 1243.  In the parties' settlement agreement, plaintiff, Virginia Saunders is to receive $1,750 in back wages.  In her answers to the Court's interrogatories Saunders claimed $15,840 in back wages.  The parties have not provided an explanation of the difference between Saunders's claimed damages and the amount for which she has agreed to settle.

2.  Plaintiff, Robin Fields filed a notice of consent to "opt-in" (Doc. 23) and the parties' Joint Motion seeks to add Fields as a party.  (Doc. 37 ¶ 2).  However, no factual

information is provided concerning Fields.  The Court does not know the terms of her employment, the amount of her original claim, if it has been compromised and if so, why.  (Doc. 37-1).  If the parties choose to revise their motion they need to provide the facts and circumstances regarding Fields's claim and settlement.  See Dees, 706 F. Supp. 2d at 1243.

3.  In paragraph four of the settlement agreement, Plaintiffs promise not to "encourage, aid, or participate in any suit, claim, charge . . . of any kind whatsoever, involving, directly or indirectly, DBKC, its related entities, divisions, . . . in any local, state or federal court . . . based upon any facts or events, known or unknown, . . ." Among other things, this clause appears to restrict Plaintiffs' First Amendment rights. The parties have not explained why Plaintiffs's promise is fair, reasonable, or what the consideration for it is.

4.  The settlement agreement is titled "Confidential" and paragraph seven provides that "[Plaintiffs] agree to hold and maintain in strictest confidence the terms and conditions of this Agreement, including the existence of the Agreement itself . . . ." (Doc. 37-1).  A provision requiring confidentiality contravenes FLSA policy and is unenforceable.  Dees, 706 F. Supp. 2d at 1242-43.  The Court will not approve or enforce any provision that calls for the parties to keep the terms of the settlement confidential.

5.  The Court wonders why paragraph 9 is included in the settlement agreement. Does Defendant have a good reason to believe such a claim might be forthcoming , if so, could other lawyers obtain payment of fees without Court approval, and if not, is there reason to believe a Court would approve fees to other lawyers?

3

6.  While the agreed fee for Plaintiffs' attorneys appears to be reasonable, the Court will require a representation by counsel that it was negotiated separately and after Plaintiffs' claims were resolved or alternatively, the testimony of a third party expert to be utilized by the Court in the performance of its lodestar analysis.

For the foregoing reasons, the parties shall have through August 17, 2012 to address the Court's concerns.  After that date, the Court will rule on the parties' Joint Motion for Approval of Settlement and Release Agreements, and for Dismissal with Prejudice.  (Doc. 36).

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida on July 27, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all counsel